# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **ALAKA OLADIPO IDRIS,** | : | |
| | : | |
| Plaintiff, | : | Case No. 5:25-CV-00377-CAR-CHW |
| | : | |
| v. | : | |
| | : | |
| **Major DAVID DAVID,** *et al.*, | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U. S. Magistrate Judge |
| Defendants. | : | |

## ORDER

*Pro se* Plaintiff Alaka Oladipo Idris, a prisoner at Augusta State Medical Prison in Grovetown, Georgia has filed a 42 U.S.C. § 1983 complaint. ECF No. 1. Plaintiff requests leave to proceed *in forma pauperis*. ECF No. 2. Plaintiff's request to proceed *in forma pauperis* is **GRANTED** as explained below. Plaintiff must now recast his complaint to state a claim for which relief may be granted.

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF No. 2. As it appears Plaintiff is unable to pay the cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets

are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is hereby **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

I.  Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The clerk of court is **DIRECTED** to send a copy of this Order to the corrections facility in which Plaintiff is presently incarcerated. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of

monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

    II.    <u>Plaintiff's Obligations Upon Release</u>

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

**INITIAL REVIEW OF COMPLAINT**

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." A *pro se* prisoner complaint is subject to dismissal prior to service if the court finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See id*.

Plaintiff's claims arise from his previous incarceration in the Bibb County Jail in Macon, Georgia. ECF No. 1 at 5. Plaintiff states that in September 2023, he was stabbed repeatedly in the arm, neck, and chest by another prisoner. *Id*. Plaintiff did

not receive medical treatment for ten days because his attacker threatened to kill him if he told anyone about the assault. *Id*. Plaintiff states that he was again stabbed by the same inmate on October 6th or 7th and suffered a wound to his hand. *Id*. During mealtime, a corrections officer noticed Plaintiff's hand bleeding and took Plaintiff to the infirmary. *Id*. at 5-6. Plaintiff was then sent to a hospital where he informed medical personnel of the previous stab wounds to his chest. *Id*. at 6. Upon examination, it was discovered that Plaintiff had major damage to an artery, requiring Plaintiff to have two different surgeries. *Id*. Plaintiff seeks damages from the Defendants for negligence and deliberate indifference to his safety. *Id*.

Plaintiff names several Bibb County officers as Defendants, but there are no allegations whatsoever within the complaint that specifically link any of them to any unconstitutional act. *See id*. at 4-6. A district court properly dismisses a claim when the plaintiff, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with an alleged constitutional violation. *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir. 1983) (citations omitted) (stating there must be "proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation").

"[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (quotation marks and citations omitted). Because Plaintiff does not link his claims to any of his Defendants, his complaint is subject to dismissal.

If Plaintiff is pursuing his claims based exclusively on the supervisory role of any of the Defendants, then Plaintiff's complaint would still be subject to dismissal. It is well-settled in the Eleventh Circuit that supervisory officials such as Sheriffs and Jail Captains cannot be held liable under § 1983 solely on the basis of *respondeat superior* or vicarious liability. *See, e.g., Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999); *Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam) (internal quotation marks omitted) ("The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous."). Instead, to establish liability against a supervisor, a prisoner must allege facts showing a causal connection between the supervisory defendants' actions and an alleged constitutional violation such as the supervisor personally participated in the alleged constitutional violation, directed their subordinates to act unlawfully, or knew their subordinates would act unlawfully but the supervisor failed to stop them. *Keating*, 598 F.3d at 762. Plaintiff has made no showing of a causal connection between any action of any Defendant in a supervisory role and the injuries Plaintiff suffered from being repeatedly attacked by another inmate. *See Hernandez v. Fla. Dep't of Corr.*, 281 F.

App'x 862, 866-67 (11th Cir. 2008) (*per curiam*) (rejecting claim where the plaintiff failed to allege decision making officials took specific actions amounting to a constitutional violation); *Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

As to Plaintiff's §1983 claim for deliberate indifference to safety under the Eighth Amendment or Fourteenth Amendment,[1] the complaint must show "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019). "The first element of an Eighth Amendment claim—a substantial risk of serious harm—is assessed under an objective standard." *Lane v. Philbin*, 835 F.3d 1302, 1307 (11th Cir. 2016) (internal citation omitted). To prevail, the prisoner must show "conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety." *Marbury*, 936 F.3d at 1233 (quoting *Lane*, 835 F.3d at 1307). A plaintiff can make this showing by demonstrating either a "general threat" to inmates based on dangerous conditions in the

---

[1] Whether Plaintiff was a pretrial detainee governed by the Fourteenth Amendment or a convicted inmate governed by the Eighth Amendment, the standard for a deliberate indifference to safety claim is the same. *See Keith v. Dekalb Cnty, Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014); *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 n.1 (11th Cir. 2013) (citation omitted) (stating that "'the standards under the Fourteenth Amendment are identical to those under the Eighth.'").

6

prison or particular area of the prison, or by an individualized risk based on a "specific threat" to the prisoner. *Id.* at 1233, 1235. To establish the second element of deliberate indifference, a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2) "disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'" *Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (quoting *Farmer v. Brennan*, 511 U.S. 825, 839 (1994). Stated another way, a plaintiff can establish deliberate indifference if he demonstrates that a corrections official objectively "responded to [a] known risk in an unreasonable manner, in that he or she knew of ways to reduce the harm but knowingly or recklessly declined to act." *Marbury*, 936 F.3d at 1235-36 (internal quotation marks omitted). It is not enough that an inmate proves that the defendant should have known of the risk but did not, as actual knowledge is the key. *See Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996); *Carter,* 352 F.3d at 1350 (finding that "a generalized awareness of risk in these circumstances does not satisfy the subjective awareness requirement."). To meet the third element of causation necessary for a deliberate indifference to safety claim, "the plaintiff must show a 'necessary causal link' between the officer's failure to act reasonably and the plaintiff's injury. *Marbury*, 936 F.3d at 1233 (citation omitted). This inquiry focuses "on whether an official's acts or omissions were the cause—not merely a contributing factor—of the constitutionally infirm condition." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). Plaintiff's complaint fails to

satisfy any element of a deliberate indifference to safety claim against any of his named Defendants.

Lastly, Plaintiff raises a claim of "negligence". ECF No. 1 at 6. There is no constitutional claim under § 1983 for negligence. *See e.g. Farrow v. West,* 320 F.3d 1235, 1245 (11th Cir.2003) (holding that a negligent act by a state official does not give rise to § 1983 liability); *Hernandez,* 281 F. App'x at 866 ("Allegations of negligent conduct do not state a constitutional claim and thus, are not actionable under § 1983."). It thus appears upon preliminary review that Plaintiff's complaint is subject to be dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim for which relief may be granted.

Because Plaintiff is proceeding *pro se*, the Court will afford Plaintiff one opportunity to remedy the defects with his complaint as explained above. *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) (per curiam). Therefore, Plaintiff is now required to submit a recast complaint if he wishes to proceed. The recast complaint must contain a caption that clearly identifies, by name, each individual that Plaintiff has a claim against and wishes to include as a Defendant in the present lawsuit. Plaintiff is to name only the individuals associated with the claim that he is pursuing in this action. It is recommended that, when drafting his statement of claims, Plaintiff provide responses to the following questions (to the extent possible) along with the name of each defendant to which the claim is attributed:

(1) *How* and *when* did the Defendant become aware of a substantial risk that you could suffer a serious injury at the hands of another inmate?

(2) *What* did this Defendant do (or not do) in response to this knowledge?

>   (3)   Is the Defendant a supervisory official and if so, was he/she personally involved in the constitutional violation? If not, how did his/her actions otherwise cause the unconstitutional action? How do you know?

Plaintiff must recast his complaint on the Court's standard § 1983 complaint form. Plaintiff must honestly and completely answer every question presented on the standard form. Plaintiff is notified that **one sole operating complaint** is permissible. The general rule is that an amended complaint supersedes an original complaint. *See Schreane v. Middlebrooks,* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam); *Barber v. Krepp,* 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (declining to consider allegations in *pro se* petitioner's initial pleading since it would have been superseded by the subsequent amended pleading). Thus, Plaintiff's amended complaint will take the place of his original complaint. In other words, the Court will not refer to the original complaint to see if Plaintiff has stated a viable claim. Accordingly, any fact Plaintiff deems necessary to his lawsuit should be clearly stated in his recast complaint, even if Plaintiff has previously alleged it in another filing.

Plaintiff is advised that if he fails to link a named Defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant will be dismissed. If Plaintiff raises unrelated claims under the same civil action number, the unrelated claims may be dismissed. *See* Fed. R. Civ. P. 20; *Toenniges v. Warden*, 672 F. App'x 889, 890 (11th Cir. 2016) (per curiam) (citing Fed. R. Civ. P. 20(a)) (holding that district court did not abuse its discretion in

dismissing as improperly joined claims against two defendants which did not "arise out of the same transaction, occurrence, or series of transactions or occurrences".).

Plaintiff should state his claims as simply as possible. He need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff is not to include any exhibits or attachments with his complaint. ***The recast complaint cannot be longer than ten pages in its entirety***.

### CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his complaint on the Court's standard § 1983 form as instructed. While this action is pending, Plaintiff must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of this Complaint.** There will be no service of process in this case until further order of the Court.

The Clerk of Court is **DIRECTED** to forward Plaintiff a standard § 1983 form along with his service copy of this order (with the civil action number showing on all) for Plaintiff's use in complying with the Order of the Court.

**SO ORDERED and DIRECTED**, this 10th day of October, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge