IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **ALAKA OLADIPO IDRIS,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 5:25-CV-00377-CAR-CHW** |
| | : | |
| **v.** | : | |
| | : | |
| **Officer TURNER,** | : | |
| **Lt. DOWIN,** | : | |
| **JOHN OR JANE DOE,**[1] | : | **Proceedings Under 42 U.S.C. §1983** |
| | : | **Before the U. S. Magistrate Judge** |
| **Defendants.** | : | |

## ORDER AND RECOMMENDATION

*Pro se* Plaintiff Alaka Oladipo Idris, a prisoner at Augusta State Medical Prison in Grovetown, Georgia, filed a 42 U.S.C. § 1983 complaint.  ECF No. 1.  On October 10, 2025, the Court ordered Plaintiff to recast his complaint.  ECF No. 4.  Plaintiff has filed a motion for extension of time to amend his complaint (ECF No. 5) and an amended complaint (ECF No. 6).  Plaintiff's motion for an extension of time (ECF No. 5) is **GRANTED** and Plaintiff's recast complaint (ECF No. 6) is ripe for preliminary review.  Upon such review, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** pursuant to § 1915A(b)(1) for failure to state a claim.

---

[1] In the Court's order to recast the complaint, Plaintiff was informed that his recast complaint would take the place of the original complaint.  ECF No. 4 at. 9   Plaintiff's recast complaint (ECF No. 6) is now the operative complaint in this civil action. *See Schreane v. Middlebrooks¸* 522 F. App'x 845, 847 (11th Cir. 2013) (per curiam).   In his recast complaint, Plaintiff removes Major David David and Captain John as Defendants and adds "John or Jane Doe #1" and "John or Jane Doe # 2".   ECF No. 9 at 1 and 4. Therefore, the Clerk of Court is **DIRECTED** to terminate Major David David and Captain John then add "John or Jane Doe #1" and "John or Jane Doe # 2" as defendants to this civil action.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.      <u>Standard of Review</u>

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee.   28 U.S.C. § 1915A(a).   Courts must also screen complaints filed by a plaintiff proceeding IFP.   28 U.S.C. § 1915(e).   Both statutes apply in this case, and the standard of review is the same.   "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed."   *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted).   Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."   28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."   *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted).   On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."   *Id.* (citations omitted).   A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process.   *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").   A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).   In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id*. at 556.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa Cnty*., 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal.  *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II.    Plaintiff's Allegations

Plaintiff's claims arise from his incarceration in the Bibb County Jail in Macon, Georgia.  ECF No. 6 at 5.  Plaintiff states that from September 27, 2023, to October 7,

2023, Plaintiff was being held in "unit B-100 a 20 unit dual cell 106 protective custody and administrative disciplinary segregation unit." *Id*. at 5, 7. Plaintiff complains that the unit where he was kept "had a dangerous reputation" and that "officials are aware of the security breaches, camera defacing and violence from the disciplinary segregated inmates." *Id*. at 9. Plaintiff complains that while being held in this unit, another inmate tampered with a camera, popped the lock to his cell door, and then stabbed Plaintiff with ice picks "in [his] neck, chest, both twice and once in [his] right arm muscle". *Id*. at 7. Plaintiff claims that he "was suffering for days while inmate D. Smith and another unknown blood gang member took efforts to hide [him] from officer Turner and others when he came to walk through doing rounds." *Id*. Plaintiff states that "on another day", his previous attacker and another inmate took him to a shower area to wash him up and bleach his bloody clothes. *Id*. at 7-8. Plaintiff claims "[t]his was done with cameras around no one care to help [him]" but also that there was "no or little supervision. No cell doors was checked. They remained open sometimes for days. The camera was still defaced, never checked or obviously not being monitored." *Id*. at 8. Plaintiff states that "on day ten" his previous attacker entered his cell again and stabbed him in his hand between his forefinger and thumb". *Id*. Plaintiff states that Defendant Officer Turner later noticed his hand bleeding and took him to the infirmary. *Id*. at 9. Plaintiff was then immediately taken to the hospital where he received stitches in his hand and emergency surgery to repair the punctured lungs he had from being stabbed with an ice pick days earlier. *Id*. Plaintiff seeks declaratory relief and damages. *Id*. at 11.

### III.    Plaintiff's Claims

### A.    Doe Defendants

Plaintiff names "John or Jane Doe #1" and "John or Jane Doe # 2" as Defendants. ECF No. 6 at 1, 4.   As a general rule, "fictitious party pleading is not permitted in federal court".   *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam).   The one exception to this rule is when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id.* (citing *Dean v. Barber*, 951 F.2d 1201, 1215-16 (11th Cir. 1992)).   Therefore, to proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216 (internal quotation marks omitted).   Here, Plaintiff does not provide any description whatsoever of his Doe Defendants other than to say they are employed at the Bibb County Jail, that they were involved in his cell placement, that they are "responsible for overall safety", and "may have been a supervisory official".   ECF No. 6 at 4, 6, 10.

Plaintiff has not provided enough detail to identify his Doe Defendants amongst the many employees of the Bibb County Jail.   Therefore, Plaintiff has failed to state a claim against Defendants John or Jane Doe.   *See Richardson*, 598 F.3d at 738 (dismissal of claim appropriate where "the description in [plaintiff's] complaint was insufficient to identify the defendant among the many guards employed at [the prison]").   Therefore, it is **RECOMMENDED** that Plaintiff's claims against Defendants John or Jane Doe be

**DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

> B. <u>Deliberate indifference to safety claim against remaining Defendants Dowin and Turner</u>

Jail and prison officials have a duty to protect inmates from violence at the hands of other inmates. *Mosley v. Zachery*, 966 F.3d 1265, 1270 (11th Cir. 2020). But not every instance of violence between inmates "translates into constitutional liability for prison officials responsible for the victim's safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Rather, it is only "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." *Id.* at 828. To establish a § 1983 claim for deliberate indifference to safety under the Eighth Amendment,[2] a plaintiff must show "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019).

*Substantial risk of serious harm*

"The first element of an Eighth Amendment claim—a substantial risk of serious harm—is assessed under an objective standard." *Lane v. Philbin*, 835 F.3d 1302, 1307

---

[2] It appears that the incidents underlying Plaintiff's claims occurred while he was a pretrial detainee. *See* ECF No. 6 at 1,5. The Fourteenth Amendment's due process clause protects pretrial detainees from deliberate indifference to their health and safety. *See Jordan v. Doe*, 38 F.3d 1559, 1564–65 (11th Cir. 1994). However, the legal standards for a deliberate indifference claim under the Fourteenth Amendment are identical to those under the Eighth Amendment, allowing for their interchangeable application. *See Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007).

(11th Cir. 2016) (internal citation omitted).   To prevail, the prisoner must show "conditions that were extreme and posed an unreasonable risk of serious injury to his future health or safety."   *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019) (quoting *Lane*, 835 F.3d at 1307).   He can make this showing by demonstrating either a "general threat" to inmates based on dangerous conditions in the prison or particular area of the prison, or by an individualized risk based on a "specific threat" to the prisoner.   *Id.* at 1233, 1235.

Claims based on a general risk involve the allegation that the conditions of confinement themselves pose a substantial risk of serious harm from inmate-on-inmate violence to all inmates forced to live under those conditions.   Some courts have called this type of claim a generalized "failure-to-protect" claim.   *See Wilson v. Dunn*, 618 F. Supp3d 1253, 1269-73 (N.D. Ala. 2022); *McKee v. Dunn*, No. 2023 WL 5103102, at *3 (M.D. Ala. Aug. 9, 2023).   The Eleventh Circuit has recognized this type of claim as an "excessive risk of inmate-on-inmate violence" claim.   *Purcell ex rel. Est. of Morgan v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1322 (11th Cir. 2005).   Regardless of how these claims are labelled, the burden to establish a substantial risk of serious harm because of a generalized threat is a heavy one.   "[A] plaintiff must show 'more than a generalized awareness of risk.'"   *Marbury*, 936 F.3d at 1234 (citation omitted).   Instead, "[t]o establish deliberate indifference based on a generalized risk, the plaintiff must show 'that serious inmate-on-inmate violence was the norm or something close to it.'"   *Id*. at 1233 (quoting *Purcell*, 400 F.3d at 1322 (11th Cir. 2005)).

The more common type of Eighth Amendment failure-to-protect deliberate indifference claim is based on specific, or individualized, threats posed by certain inmates or groups of inmates to a specific plaintiff or class of inmates like plaintiff. *Id*. at 1235-36.  (alleging a deliberate indifference claim based on a specific threat to plaintiff's safety). To show an individualized risk based on a specific threat, the plaintiff need not show that the official knew he "'was especially likely to be assaulted *by the specific prisoner who eventually committed the assault*,' as long as the official was otherwise aware that the victim faced a substantial risk of serious harm." *Id*. at 1236 (citation omitted).  Threats among prisoners are common, however, and the official "must possess enough details about a threat to enable them to conclude that it presents a 'strong likelihood' of injury, not a 'mere possibility.'" *Id*. (citation omitted).

Plaintiff complains that "extortion, robbing, stealing was normal within this unsecured unit" and that "inmates normally popped the cell doors, go in and assault inmates." *Id*. at 8.  He also claims that "this unit has a dangerous reputation" with "security breaches, camera defacing and violence from disciplinary segregated inmates." *Id*. at 9.  These are conditions that could pose a general threat to the safety of inmates and thus Plaintiff, at this early stage in the litigation, has plausibly established the first element of his Eighth Amendment claim.

*Deliberate Indifference*

To establish deliberate indifference a plaintiff must plausibly allege that the defendant: (1) "was subjectively aware that the inmate was at risk of serious harm"; (2)

"disregarded that risk"; and (3) "acted with 'subjective recklessness as used in the criminal law.'"   *Wade*, 106 F.4th at 1255 (quoting *Farmer*, 511 U.S. at 839).   To satisfy the subjective awareness component, a plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [ ] also dr[ew] the inference." *Marbury*, 936 F.3d at 1233 (internal quotation marks omitted). Whether a risk has been disregarded is an objective inquiry, requiring a plaintiff to show that the defendant "responded to the known risk in an unreasonable manner, in that he ... knew of ways to reduce the harm but knowingly or recklessly declined to act."   *Id.* (internal quotation marks omitted). To "prove that the defendant acted with subjective recklessness as used in the criminal law," a "plaintiff must show that the defendant was subjectively aware that his own conduct put the plaintiff at substantial risk of serious harm[.]" *Wade*, 106 F.4th at 1255 (internal quotation marks omitted).   However, even if a defendant knows of a risk but "respond[s] reasonably" to that risk, he "cannot be found liable under the Eighth Amendment[.]" *Id.* (internal citations and quotation marks omitted).

Plaintiff states that Defendant Officer Turner was responsible for safety checks in the protective custody unit.   ECF No. 6 at 5.   Plaintiff complains that Defendant Turner was "only doing rounds twice during his shift" and that he "never paid attention to warning signs, check doors, cameras, making sure inmates can actually move."   *Id*. at 5, 10.   As to Defendant Lt. Dowin, Plaintiff states that he "is responsible for the units day to day operations and security, safety involving secure lockdown of all cells, scheduling different

events, shakedowns." ECF No. 6 at 6. Nowhere does Plaintiff allege that either Defendant had any awareness of the peril to which Plaintiff was being exposed to at the hands of another inmate while confined in protective custody or show how the Defendants would have had any knowledge that Plaintiff was being harmed until Plaintiff chose to reveal his assaults to them. *See* ECF No. 6 at 5-11. Deliberate difference in the failure-to-protect context means that prison officials subjectively knew of the substantial risk of serious harm and the official knowingly or recklessly disregarded that risk. *Goodman*, 718 F.3d at 1332.

Plaintiff acknowledges that his attackers "took efforts to hide [Plaintiff] from officer Turner and others when he came to walk through doing rounds" and that Defendant Turner was unaware that Plaintiff had been assaulted until he "noticed [Plaintiff's] right hand bleeding during feeding time and afterwards he escorted [Plaintiff] down to the infirmary to be checked." *Id*. at 7, 9. Plaintiff further states that "[a]fter the incident [Dowin] asked [Plaintiff] what happened and [Plaintiff] told him," to which Defendant Dowin responded that "he was sorry for what happened." *Id*. These allegations demonstrate that neither Defendant Dowin nor Turner had any "subjectively aware[ness] that his own conduct put the plaintiff at substantial risk of serious harm[.]" *Wade*, 106 F.4th at 1255 (internal quotation marks omitted).

Conversely, it appears that Plaintiff's allegations seem most rooted in a theory that Defendants Dowin and Turner were negligent in their duties to monitor the protective custody dorms. *See* ECF No. 6 at 5-11. However, "the deliberate indifference

standard—and the subjective awareness required by it—is far more onerous than normal tort-based standards of conduct sounding in negligence". *Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013).   Negligent failure to protect an inmate from attack does not support a § 1983 claim. *See id.* (noting that a prison official's failure to supervise the dorm where Plaintiff was housed was merely negligent and did not demonstrate that guards "*knew* of a substantial risk of serious harm" to plaintiff who was attacked by another inmate). *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) ("[m]erely negligent failure to protect an inmate from attack does not justify liability under Section 1983[.]").

*Causation*

To establish the final element of a deliberate indifference to safety claim — causation—the "plaintiff must show a necessary causal link between the officer's failure to act reasonably and the plaintiff's injury." *Marbury*, 936 F.3d at 1233 (internal quotation marks omitted). This inquiry focuses "on whether an official's acts or omissions were the cause—not merely a contributing factor—of the constitutionally infirm condition." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993).   "[T]he 'critical' question is whether [the defendant] was 'in a position to take steps that could have averted the [injury] . . . but, through [deliberate] indifference, failed to do so.'   To determine whether [the defendant] caused [the] injury, [the Court] look[s] at his 'duties, discretion, and means.'" *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 622 (11th Cir. 2007).   Causation is demonstrated when the plaintiff shows a defendant "(1) 'had the means substantially to improve' the inmate's safety, (2) 'knew that the actions he undertook would be insufficient

11

to provide [the inmate] with reasonable protection from violence,' and (3) had 'other means [] available to him which he nevertheless disregarded.'"   *Id*. (alteration in original) (citation omitted).   Here, Plaintiff has failed to allege any causal link between any act or failure to act by Defendant Dowin or Turner and the violence inflicted upon the Plaintiff by another inmate.   *See* ECF No. 6 at 5-11.

In sum, Plaintiff's allegations are insufficient to satisfy two of the three elements necessary to state a deliberate indifference to safety claim – deliberate indifference and causation.   Therefore, it is **RECOMMENDED** that his claims against Defendants Dowin and Turner be **DISMISSED** without prejudice for failure to state a claim.

IV.   Conclusion

Plaintiff's motion for an extension of time (ECF No. 5) to file his recast complaint (ECF No. 6) is **GRANTED**.   For all the reasons set forth above, it is **RECOMMENDED** that Plaintiff's complaint be **DISMISSED without prejudice** pursuant to § 1915A(b)(1) for failure to state a claim for which relief may be granted.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable C. Ashley Royal, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Objections to the Recommendation are limited in length to twenty (20) pages.

A party seeking permission to exceed these limitations shall do so by filing a written motion no later than five (5) days in advance of the deadline for filing objections and by specifying the number of pages requested.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

**SO ORDERED and RECOMMENDED**, this 18th day of March, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge